UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CHAMBERS,

    Plaintiff,                          Hon. Robert J. Jonker

v.                                               Case No. 1:22-cv-1125

GRAND HAVEN, CITY OF, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 9). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## **BACKGROUND**

Plaintiff initiated this action against: (1) the City of Grand Haven; (2) the Grand Haven Police Department; and (3) Tri-City Towing. (ECF No. 1). Plaintiff alleges that on January 15, 2021, a member of the Grand Haven Police Department subjected him to an unlawful seizure after which his vehicle was unlawfully seized. Plaintiff alleges that this conduct violated his Fourth and Fifth Amendment rights. Plaintiff seeks one million dollars in damages.

-1-

Plaintiff's complaint was subsequently served on Defendants by the United States Marshal. (ECF No. 6-7). Defendants, however, failed to appear or otherwise defend this action. Plaintiff likewise failed to take any action to prosecute his claims or otherwise obtain relief. Accordingly, on April 25, 2023, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why this matter should not be dismissed for want of prosecution. (ECF No. 8). Plaintiff responded by filing the present motion for summary judgment. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

In support of his motion for summary judgment, Plaintiff has submitted two items: (1) a brief statement and (2) a copy of a state court docket sheet. (ECF No. 9). Neither of these items advance Plaintiff's cause. The statement Plaintiff submitted contains no factual assertions, but instead merely reiterates the unsubstantiated legal conclusion that Plaintiff's rights were violated. Furthermore, this statement is not sworn. The docket sheet Plaintiff submitted likewise fails to advance Plaintiff's position. This document reveals the following. On January 21, 2021, Plaintiff was charged with operating a motor vehicle without insurance and operating a motor vehicle without a valid license. The latter charge was dismissed, but Plaintiff was found guilty of operating a motor vehicle without insurance. The information submitted by Plaintiff hardly establishes that his rights were violated on January 15, 2021. Accordingly, because Plaintiff has failed to meet his burden to obtain relief, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (ECF No. 9) be denied.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 26, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge