UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J<small>EFFREY</small> C<small>HAMBERS</small>,

    Plaintiff,        Hon. Robert J. Jonker

v.        Case No. 1:22-cv-1125

G<small>RAND</small> H<small>AVEN</small>, C<small>ITY OF</small>, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 24) and Defendants' Motion to Set Aside Default (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendants' motion be granted, and Plaintiff's claims against Defendant Tri-City Towing be dismissed.

## BACKGROUND

Plaintiff initiated this action against: (1) the City of Grand Haven; (2) the Grand Haven Police Department; and (3) Tri-City Towing. (ECF No. 1). Plaintiff alleges that, on January 15, 2021, a member of the Grand Haven Police Department subjected him to an unlawful seizure leading to an unlawful seizure of his vehicle. Plaintiff alleges that this conduct violated his Fourth and Fifth Amendment rights. Plaintiff seeks one million dollars in damages.

-1-

Plaintiff's complaint was purportedly served on Defendants by the United States Marshal. (ECF No. 6-7). Defendants, however, failed to appear or otherwise defend this action, after which default was entered against all three defendants. (ECF No. 13). Plaintiff subsequently moved for default judgment.[1] Defendants City of Grand Haven and Grand Haven Police Department now move to set aside the default. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR. 7.2(d).

## I.  Defendants' Motion to Set Aside Default

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." When assessing a motion to set aside a default, the Court considers the following factors: (1) whether the default was willful or culpable; (2) whether setting aside the default would prejudice Plaintiff; and (3) whether Defendant has a meritorious defense to Plaintiff's claims. *See Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2012); *Al Qassimi Academy v. Abuhaltam*, 2023 WL 10947214 at *1 (W.D. Mich., Sept. 26. 2023). Additionally, where service of the summons and complaint was not properly accomplished, "the court must set aside an entry of default." *Yorty v. Equifax*, 2020 WL 9762463 at *1 (W.D. Mich., Feb. 5, 2020) (citation omitted).

---

[1] The Court ordered that the United States Marshal serve Plaintiff's Motion for Default Judgment on all three defendants. (ECF No. 25). Service on Defendants City of Grand Haven and Grand Haven Police Department was successful. (ECF No. 26). The attempt to serve Defendant Tri-City Towing was, however, unsuccessful. (ECF No. 27).

-2-

In support of their request, Defendants acknowledge that they received a copy of the summons and complaint via certified mail. (ECF No. 28, PageID.93, 103). Specifically, the summons and complaint were mailed to the Grand Haven City Clerk, Maria Boersma. As discussed below, however, this action did not constitute proper service. Moreover, even if Defendants were properly served, consideration of the relevant factors strongly favors granting Defendants' motion to set aside default.

A.      Defendants Were Not Properly Served

Service was purportedly accomplished on Defendants by mailing a copy of the summons and complaint to the Police Department and City Hall, respectively. (ECF No. 6). The mailing to the police department was signed for by a person named Ellena whose position or responsibility within the Police Department or the City of Grand Haven has not been identified. (ECF No. 6). The mailing to City Hall was signed for by the Grand Haven City Clerk, Maria Boersma. (ECF No. 6; ECF No. 28, PageID.103). Neither effort, however, constitutes proper service as to either Defendant.

Service on a state or local government, or an entity thereof, can be accomplished in one of two ways: (1) delivering a copy of the summons and compliant to its chief executive officer, or (2) serving a copy of the summons and complaint in the manner prescribed under Michigan law for accomplishing service on such a defendant. FED. R. CIV. P. 4(j)(2). There is no evidence that Ellena or the City Clerk are properly characterized as the City of Grand Haven's chief executive officer. The question,

therefore, becomes whether service was accomplished in a manner consistent with Michigan law.

Under Michigan law, service on a municipality "may be made by serving a summons and a copy of the complaint" on "the city clerk. . .of a city." MICH. COURT RULE 2.105(G)(2). But, for purposes of this Michigan Court Rule, service cannot be accomplished by mail but must instead be accomplished by personally delivering a copy of the summons and complaint to the individual. *See, e.g., Brewer v. Detroit Public Schools Community District*, 2018 WL 3301524 at *2 (E.D. Mich., Jan. 10, 2018) ("[t]here is no indication in the text of [Rule 2.105(G)] that the Michigan Supreme Court intended the term 'serving' to include mailing"). Thus, while the summons and complaint were mailed to the City Clerk, because mailing does not satisfy the requirements of Michigan Court Rule 2.105(G), service was not properly accomplished on Defendants City of Grand Haven and Grand Haven Police Department. As such, the entry of default against these Defendants must be set aside.

Even if the Court were to find that service on Defendants was properly accomplished, the result is the same. The relevant factors justify setting aside the default.

B. Defendants Did Not Act Willfully or Culpably

Regardless whether service was properly accomplished, Defendants acknowledge that it received a copy of the summons and complaint. Defendants concede that following receipt of Plaintiff's complaint it "was not properly handled." (*Id.*, PageID.92-

-4-

94, 103). Additionally, following delivery of the complaint to Defendants, Plaintiff failed to properly serve any document or pleading on Defendants despite being specifically ordered to do so. (ECF No. 4). As a result, Defendants "were unaware of the action and its progress through the courts until the United States Marshal effected personal service [of Plaintiff's motion for default judgment] on March 13, 2024." (*Id.*, PageID.94).

Plaintiff has presented no evidence to suggest that Defendants' failure to appear or defend against his claims following receipt of the summons and complaint was the result of anything other than good faith mistake. Stated differently, there is no evidence supporting the argument that Defendants willfully or intentionally failed to appear or defend against Plaintiff's claims. Accordingly, this factor weighs in Defendants' favor.

C. Plaintiff Will Not Be Prejudiced

Other than a brief delay in the prosecution of this case, the Court discerns no adverse impact from Defendants' failure to timely appear or defend against Plaintiff's claims. It must also be acknowledged that to the extent resolution of this matter has been delayed such is at least partly attributable to Plaintiff who had to be ordered to prosecute this matter or risk dismissal. (ECF No. 8-10, 12).

As Defendants correctly note, however, mere delay without more is insufficient to find that Plaintiff will be prejudiced if the default is set aside. *See, e.g., Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("[d]elay alone is not a sufficient basis for establishing prejudice" instead "it must be shown that delay will

result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion"). Plaintiff has presented neither evidence nor argument that he has or will experience prejudice if the default is set aside.

        D.        Defendants Have a Meritorious Defense to Plaintiff's Claims

Finally, Defendants have articulated a potentially valid defense to Plaintiff's claims. (ECF No. 28, PageID.96-97). Plaintiff's claims are premised on his allegation that, on January 15, 2021, he was unlawfully seized by a member of the Grand Haven Police Department after which his vehicle was unlawfully seized.

As Defendants observe, Plaintiff's own submission appears to establish that as a result of the encounter on January 15, 2021, Plaintiff was convicted of driving without a valid license and without motor vehicle insurance. (ECF No. 21-1, PageID.53). Defendants argue that such justified the seizure of Plaintiff and his vehicle. While the Court has no opinion whether Defendants' apparent defenses will ultimately prevail, Defendants' showing in this regard is more than sufficient to justify setting aside the default.

In sum, because service was not properly accomplished on Defendants, the Court must set aside the default. Furthermore, even if service was properly accomplished, the default should be set aside as the factors discussed above strongly warrant such. Accordingly, the undersigned recommends that Defendants' motion to set aside default be granted.

## II. Plaintiff's Motion for Default Judgment

A.   Defendants City of Grand Haven and Grand Haven Police Department

As discussed above, entry of default against these defendants was improper and/or should be set aside. As such, the undersigned recommends that Plaintiff's motion for default judgment be denied. *See, e.g., Price v. Howard*, 2011 WL 1212238 at *1 (W.D. Mich., Jan. 18, 2011) (entry of default is a prerequisite to entry of default judgment).

B.   Defendant Tri-City Towing

As noted above, the attempt by the United States Marshal to serve Plaintiff's motion for default judgment on Defendant Tri-City Towing was not successful. It is also not clear that the summons and complaint were properly served on Tri-City Towing. The proof of service filed with the Court indicates that the summons and complaint were personally delivered to Tim Engle. (ECF No. 7). Absent evidence or information regarding Engle's relationship – or lack thereof – to Tri-City Towing, the Court cannot ascertain whether service was properly accomplished.

Stated differently, the fact that the summons and complaint were personally delivered to an individual at Tri-City Towing does not compel the conclusion that service was properly accomplished on Tri-City Towing. *See* Fed. R. Civ. P. 4; Mich. Court Rule 2.105. Plaintiff offers no evidence establishing that Tim Engle was an agent or authorized representative of Tri-City Towing or otherwise authorized to accept service on its behalf. In the absence of such evidence or information, the Court cannot conclude that service was properly accomplished on Tri-City Towing. As such, entry of default

judgment is inappropriate. Accordingly, the undersigned recommends that Plaintiff's motion for default judgment be denied as to Defendant Tri-City Towing. The undersigned further recommends that Plaintiff's claims against Defendant Tri-City Towing be dismissed for failure to state a claim.

Plaintiff has been permitted to proceed as a pauper in this matter. (ECF No. 4). Pursuant to federal law, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid" by a litigant pauper, "the court *shall* dismiss the case *at any time* if the court determines that. . .the action. . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff initiated the present action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights during an encounter on January 15, 2021.  With respect to Defendant Tri-City Towing, Plaintiff alleges that his rights were violated when Tri-City Towing impounded his vehicle at the direction of the police.   (ECF No. 1).

One of the elements of Plaintiff's claims is that Defendant Tri-City Towing was functioning as a state actor when it impounded his vehicle. *See, e.g., Anderson v. Clinton Township Police Department*, 2019 WL 4392524 at *3 (E.D. Mich., June 30, 2019).  The mere fact that Tri-City Towing impounded Plaintiff's vehicle, however, is insufficient to establish that Tri-City Towing is properly characterized as a state actor. *See, e.g., Partin v. Davis*, 675 Fed. Appx. 575, 586-87 (6th Cir., Jan. 13, 2017) (towing company not a state actor where it merely towed a vehicle at the request of the police).

Plaintiff has alleged no other facts that would justify characterizing Tri-City Towing as a state actor in this matter. Accordingly, the undersigned finds that Plaintiff's allegations fail to state a claim as to Defendant Tri-City Towing.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 24) be denied, Defendants' Motion to Set Aside Default (ECF No. 28) be granted, and Plaintiff's claims against Defendant Tri-City Towing be dismissed. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 21, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge